# EXHIBIT 1

Case Number: CACE-20-004488 Division: 25

Filing # 104732867 E-Filed 03/11/2020 04:15:47 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

ROGER BEAULIERE,

CASE NO.:

        Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,
a Foreign Profit Corporation and
DIRECT AIRLINE SERVICES, INC.,
a Florida Corporation,

Received: 3|16|20 @ 600P
Served: 3|17|20 @ 1105|A

        Defendants.

Richard Kolodgy, CPS #204,
Second Judicial Circuit

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint, Request for Production and Notice of Service of Initial Interrogatories in this action on defendant, JETBLUE AIRWAYS CORPORATION, by serving its Registered Agent:

        Corporation Service Company
        1201 Hays Street
        Tallahassee, FL 32301-2525

      Each defendant is required to serve written defenses to the complaint or petition on plaintiffs or their attorney, whose name and address is **Carlos A. Bodden, BODDEN & BENNETT LAW GROUP, 1880 North Congress Avenue, #401, Boynton Beach, FL 33426; (561) 806-5229** within 20 days after service of this summons on the defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If defendant fails to do so, a default will be entered against defendant for the relief demanded in the complaint or petition.

      WITNESS my hand and Seal of said Court this _____ day of _____,
MAR 12 2020

(COURT SEAL)

Clerk of the Court

BY_____
Deputy Clerk

BRENDA D. FORMAN

Filing # 104732867 E-Filed 03/11/2020 04:15:47 PM

IN THE CIRCUIT COURT OF THE
17ᵀᴴ JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

ROGER BEAULIERE,

CASE NO.:

        Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,
a Foreign Profit Corporation and
DIRECT AIRLINE SERVICES, INC.,
a Florida Corporation,

        Defendants.

_____/

## **COMPLAINT FOR DAMAGES**

**COMES NOW**, the Plaintiff, ROGER BEAULIERE, by and through undersigned

counsel, and sues the Defendant, JETBLUE AIRWAYS CORPORATION, a Foreign Profit

Corporation and DIRECT AIRLINE SERVICES, INC., a Florida Corporation and alleges

as follows:

     1.     This is an action for damages which exceed the sum of Fifteen Thousand

Dollars ($15,000.00), exclusive of costs, interest and fees.

     2.     At all times material herein, Defendant, JETBLUE AIRWAYS

CORPORATION, (hereinafter "JETBLUE") was and is a Foreign Profit Corporation

authorized to and doing business within the State of Florida, and more specifically, in

Broward County, Florida.

3.     At all times material herein, Defendant, DIRECT AIRLINE SERVICES, INC., (hereinafter "DAS") was and is a Florida Corporation authorized to and doing business within the State of Florida, and more specifically, in Broward County, Florida.

4.     At all times material hereto, the Defendant, JETBLUE, was in the business of owning, maintaining and flying commercial airplanes at the Fort Lauderdale-Hollywood International Airport.

5.     At all times material hereto, the Defendant, DAS, was in the business of providing wheelchair service and assistance for passengers entering and exiting airplanes at the Fort Lauderdale-Hollywood International Airport.

6.     On January 9, 2019, Plaintiff, ROGER BEAULIERE was a passenger on JETBLUE Airline Flight Number 1510, which traveled from Port-Au-Prince, Haiti to Fort Lauderdale, Florida.

## COUNT I
## NEGLIGENCE OF DEFENDANT JETBLUE AIRWAYS CORPORATION

Plaintiff, ROGER BEAULIERE, restates and realleges paragraphs 1 through 6 as if fully set forth herein and further states:

7.     On or about January 9, 2019, the Plaintiff, ROGER BEAULIERE, a business invitee on Defendant JETBLUE'S subject airplane, was injured when he fell out of a wheelchair that was not properly secured by an employee and/or independent contractor of Defendant, JETBLUE shortly after he exited his Jetblue flight.

8.     At all times material hereto, Defendant JETBLUE owed a duty to the Plaintiff, ROGER BEAULIERE, and other members of the general public similarly situated to keep its wheelchair bound passengers in a reasonably safe condition and to protect

–2–

Plaintiff, ROGER BEAULIERE from dangers of which the business or its agents or employees was or should have been aware.

7.      Defendant, JETBLUE, as owner and/or lessor and/or operator of the aforementioned wheelchair, and as the entity that had possession and control of said wheelchair, had a duty to operate its wheelchair in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions. Defendant, JETBLUE also had a duty to avoid injury to the Plaintiff, ROGER BEAULIERE, and other invitees to the Defendant's business, and also have a duty to warn the Plaintiff, ROGER BEAULIERE, of all dangerous conditions, including the one herein previously alleged, which it knew or should have known existed and which created an unreasonable risk of harm to Plaintiff, ROGER BEAULIERE.

8.      At all times material hereto, the Defendant, JETBLUE, negligently breached the above-mentioned duties in one or more, but not limited to, the following respects:

   a. creating the condition which caused the Plaintiff's injury;

   b. allowing the dangerous condition to exist by negligently hiring, training and/or retaining employees and/or independent contractors whose purpose is to assist wheelchair bound passengers as they enter and exit airplanes. This dangerous condition created by these employees and/or independent contractors that caused the Plaintiff to get injured had exited for a sufficient length of time that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be

-3-

> promptly addressed. Nevertheless, Defendant did not take any of
> these steps and as a result Plaintiff sustained injuries and related
> damages; and/or
>
> c.    failing to otherwise exercise due care with respect to the matter
> alleged in the Complaint.

9.    As a direct and proximate result of the aforementioned negligence of Defendant, JETBLUE, the Plaintiff, ROGER BEAULIERE sustained injuries.

10.    As a further direct, proximate and foreseeable result of the negligence of the Defendant, JETBLUE, the Plaintiff, ROGER BEAULIERE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, aggravation of a previously existing condition, and Plaintiff has incurred medical expenses in the care and treatment of said injuries. The losses are either permanent or continuing in nature and Plaintiff, ROGER BEAULIERE, will suffer said losses in the future.

## COUNT II
## NEGLIGENCE OF DEFENDANT DIRECT AIRLINE SERVICES

Plaintiff, ROGER BEAULIERE, restates and realleges paragraphs 1 through 6 as if fully set forth herein and further states:

11.    On or about January 9, 2019, the Plaintiff, ROGER BEAULIERE, a business invitee at Defendant DAS, was injured when he fell out of a wheelchair that was not properly secured by an employee and/or independent contractor of Defendant, DAS shortly after he exited his airline flight.

-4-

12.     At all times material hereto, Defendant DAS owed a duty to the Plaintiff, ROGER BEAULIERE, and other members of the general public similarly situated to keep its wheelchair bound passengers in a reasonably safe condition and to protect Plaintiff, ROGER BEAULIERE from dangers of which the business or its agents or employees was or should have been aware.

13.     Defendant, DAS, as owner and/or lessor and/or operator of the aforementioned wheelchair, and as the entity that had possession and control of said wheelchair, had a duty to operate its wheelchair in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions. Defendant, DAS also had a duty to avoid injury to the Plaintiff, ROGER BEAULIERE, and other invitees to the Defendant's business, and also have a duty to warn the Plaintiff, ROGER BEAULIERE, of all dangerous conditions, including the one herein previously alleged, which it knew or should have known existed and which created an unreasonable risk of harm to Plaintiff, ROGER BEAULIERE.

14.     At all times material hereto, the Defendant, DAS, negligently breached the above-mentioned duties in one or more, but not limited to, the following respects:

    a.     creating the condition which caused the Plaintiff's injury;

    b.     allowing the dangerous condition to exist by negligently hiring, training and/or retaining employees and/or independent contractors whose purpose is to assist wheelchair bound passengers as they enter and exit airplanes. This dangerous condition created by these employees and/or independent contractors that caused the Plaintiff

–5–

to get injured had exited for a sufficient length of time that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be promptly addressed. Nevertheless, Defendant did not take any of these steps and as a result Plaintiff sustained injuries and related damages; and/or

c.     failing to otherwise exercise due care with respect to the matter alleged in the Complaint.

15.     As a direct and proximate result of the aforementioned negligence of Defendant, DAS, the Plaintiff, ROGER BEAULIERE sustained injuries.

16.     As a further direct, proximate and foreseeable result of the negligence of the Defendant, DAS, the Plaintiff, ROGER BEAULIERE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future, aggravation of a previously existing condition, and Plaintiff has incurred medical expenses in the care and treatment of said injuries. The losses are either permanent or continuing in nature and Plaintiff, ROGER BEAULIERE, will suffer said losses in the future.

–6–

**WHEREFORE,** the Plaintiff, ROGER BEAULIERE, demands judgment for damages against the Defendant, DIRECT AIRLINES SERVICES, INC., inclusive of costs, pre-judgment interest, attorney fees, if allowable by law, and such other further relief as the Court deems just and proper, both in law and equity. The Plaintiff further demands trial by jury as to all issues triable as a matter or right.

BODDEN & BENNETT LAW GROUP
Attorneys for the Plaintiff
1880 North Congress Avenue, #401
Boynton Beach, FL 33426
Telephone: (561)806-5229
Facsimile: (561)806-5244
Desig. Email: litlaw@boddenbennettlaw.com

By: /s/ Carlos A. Bodden
Carlos A. Bodden, Esq.
Florida Bar No.: 093343
W. David Bennett, Esq.
Florida Bar No.: 087746

–7–

Filing # 104732867 E-Filed 03/11/2020 04:15:47 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

ROGER BEAULIERE,

        Plaintiff,                  CASE NO.:

vs.

JETBLUE AIRWAYS CORPORATION,
a Foreign Profit Corporation and
DIRECT AIRLINE SERVICES, INC.,
a Florida Corporation,

        Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, JETBLUE AIRWAYS CORPORATION AND NOTICE OF FILING

    PURSUANT to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure,

Plaintiff propounds to the Defendant, JETBLUE AIRWAYS CORPORATION, the attached

twenty (20) Interrogatories to be answered under oath and in writing within Forty-Five (45)

days.

    **IT IS HEREBY CERTIFIED** that the original and one copy of the foregoing

Interrogatories attached hereto are being served with the Complaint upon said Defendant.

                    BODDEN & BENNETT LAW GROUP
                    Attorneys for the Plaintiff
                    1880 North Congress Avenue, #401
                    Boynton Beach, FL 33426
                    Telephone: (561)806-5229
                    Desig. Email: litlaw@boddenbennettlaw.com

                    By: /s/ Carlos A. Bodden
                    Carlos A. Bodden, Esq.
                    Florida Bar No.: 093343
                    W. David Bennett, Esq.
                    Florida Bar No.: 087746

## PREMISES LIABILITY INTERROGATORIES

1.   Please identify yourself fully, giving your full name, residence, business address, and occupation, and if the defendant is a corporation, the office you hold with the defendant.

2.   Was the Defendant's employee and/or independent contractor in charge of maintaining, pushing and/or controlling the subject wheelchair at the time and place of the alleged occurrence?

3.   If the Defendant's employee and/or independent contractor was not in control of the subject wheelchair, please state the name and address of the person, firm, and/or corporation in control of the employee and/or independent contractor who was pushing the subject wheelchair on the date of the alleged occurrence.

–2–

4.  Please provide the name and address of each person who observed, or was present in the vicinity of, the alleged occurrence.

5.  If any of the persons listed in the answer to the preceding interrogatory are agents or employees of the defendant, please:

    (a.)  describe in complete detail everything that was seen or noticed by each such agent or employee.

    (b.)  state where in relation to the point of the alleged occurrence each such agent or employee was at the time he or she witnessed the occurrence.

6.  Did you or any agent or employee of the defendant render any assistance to the plaintiff immediately after the alleged occurrence?

--3--

7.    If the answer to the preceding interrogatory is in the affirmative, please state:

    (a.)    in complete detail, what assistance was rendered to the plaintiff.

    (b.)    the name and address of each person rendering assistance of any kind to the plaintiff.

8.    Please list all factors which you contend caused or contributed to cause the alleged occurrence.

9.    With respect to the area where the alleged occurrence took place, please indicate when you or any agent or employee of the defendant first became aware of the subject incident.

–4–

10.  Did you or any agent or employee of the defendant observe the condition of the
     wheelchair just before, during, or just after the alleged occurrence?

11.  Please state fully and in complete detail:

     (a.)  the date and time prior to the alleged occurrence when the subject
           wheelchair was last pushed, inspected, and/or cleaned prior to the time
           Plaintiff fell as is referenced in the subject complaint?

     (b.)  a complete description of such action.

     (c.)  the identity, including job description, name, and address, of the person who
           did such action.

12.  Will the defendant or its attorneys call at the trial of this action any person to testify
     as an expert witness concerning any of the following: the cause of the alleged
     occurrence; the procedures used by the defendant for hiring, training or
     maintaining its employees and/or independent contractors who assist wheel chair
     bound passengers who enter or exit airlines at the Fort Lauderdale-Hollywood
     airport.

–5–

13. If the answer to the preceding interrogatory is in the affirmative, please state the following as to each such witness:

    (a.)    witness' complete identification, including name and address.

    (b.)    witness' qualifications as an expert.

14. Please describe as accurately as possible the place or location of the alleged occurrence within the airport, distances in feet to fixed objects or boundaries by which the location may be identified.

15. Please state fully the substance of each and every conversation which took place, after the alleged occurrence, between the plaintiff and you or any agent or employee of the defendant.

16.     Did you or any agent or employee of the defendant ever take or receive any statement, either oral or in writing, from any person, including parties, who had any information or knowledge relating to the alleged occurrence?

17.     If the answer to the preceding interrogatory is in the affirmative, please state as to each such person:

    (a.)     his or her identification, including name and address.

    (b.)     the date of each such statement.

    (c.)     the substance in full of each such statement.

    (d.)     if any such statement was in writing, either attach a copy to the answer to these interrogatories, or indicate where and when each such statement may be examined by counsel.

18.     Did any video surveillance recording capture Plaintiff's fall as described in the subject complaint?  If not, did any video surveillance capture Plaintiff's image on the date referenced in the subject complaint?

–7–

19. Was surveillance video being used on the date referenced in the complaint? If not, when was video surveillance recording last conducted in the subject area where the alleged incident occurred prior to the date of the incident referenced in the complaint.

20. Did you know if any surveillance video in any airport capture the Plaintiff's image on the date referenced in the complaint? If so, have you or anyone on your behalf or at your direction reviewed said surveillance video(s)?

JETBLUE AIRWAYS CORPORATION

By:_____
                  Authorized Agent


_____
                  Printed Name of Agent

STATE OF FLORIDA          )
                          : SS
COUNTY OF                 )

The foregoing instrument was acknowledged before me this _____ day of

_____, 2020, by _____, who is

personally known to me or who produced _____ as

identification.


_____
                  Notary Public

My Commission Expires:

Filing # 104732867 E-Filed 03/11/2020 04:15:47 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

ROGER BEAULIERE,

CASE NO.:

        Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,
a Foreign Profit Corporation and
DIRECT AIRLINE SERVICES, INC.,
a Florida Corporation,

        Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, JETBLUE

Plaintiff, ROGER BEAULIERE, by and through undersigned counsel, requests the

Defendant to produce the following items on the attached sheet pursuant to the applicable

Florida Rules of Civil Procedure at the offices of Plaintiff's attorney, Carlos A. Bodden,

Esquire, at 1880 North Congress Avenue, #401, Boynton Beach, FL 33426, within the

time prescribed by the Florida Rules of Civil Procedure:

THIS REQUEST FOR PRODUCTION is being served with the Complaint upon

said Defendant and compliance herewith must be made pursuant to the applicable rules

of procedure:

### DEFINITIONS

As used in this Request:

(1)    The term "document" is intended to be comprehensive and to include,

without limitation, all original writings of any nature whatsoever, copies and drafts which,

–1–

by reason of notes, changes, initials, or identification marks are not identical to the original, and all non-identical original copies thereof.   In all cases where original or non-original copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

The term "document" includes, but is not limited to, correspondence, memoranda, contracts, leases, agreements, invoices, credit memoranda, credit files, records, data sheets, electronic mail, purchase orders, tabulations, reports, bills of lading, evaluations, work papers, summaries, opinions, journals, statistical records, sales reports, financial reports, checks, notes, transcriptions, telegrams, teletypes, telex messages, telefaxes, recordings of telephone calls, and other communications, including but not limited to notes, notations, memoranda, and other writings of or relating to telephone conversations and conferences, minutes and notes of transcriptions of all meetings and other communications of any type, microfiche, microfilms, tapes or other records, logs and any other information which is stored or carried electronically, by means of computer equipment or otherwise, and which can be retrieved in printed, graphic, or audio form.

(2)     The term "relating to" includes referring to, embodying, in connection with, commenting on, corresponding to, sharing, describing, concerning, analyzing, reflecting, or constituting.

(3)     Terms in the plural include the singular and terms in the singular include the plural.

(4)     A request that the party produce documents in the party's possession means that the party must produce all documents in possession of the party, and all

documents belonging to the party in the possession of the party's agents, employees, representatives or attorneys.

(5)    The terms "you" or "your" refer to your agents, employees, representatives and attorneys.

(6)    The term "person" includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

(7)    The term "communication" or "communications" means the act or fact of communicating, whether by correspondence, telephone, facsimile, electronic mail, meeting or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

## INSTRUCTIONS

1.    With regard to the Plaintiff's Request to Produce herein, for each separate item on the Request to Produce which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state with respect to each such document the following:

a)    The type of document involved and its general subject matter without disclosing its contents;

b)    The names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons who prepared each document and provide the same information for each person to whom any document was directed;

-3-

c)      The number of pages of the document;

d)      The date of the document;

e)      The privilege upon which Defendant relies in withholding the documents;

f)      All facts upon which Defendant relies in support of the claim of privilege.

2.      If any document described in this request was but no longer is in your possession or subject to your custody or control, or in existence, please state whether it is missing or lost; whether it has been destroyed; whether it has been transferred, voluntarily or involuntarily, to others; or whether it has been disposed of otherwise. In each instance explain the circumstances surrounding such disposition and identify the person directing or authorizing same, and the date thereof.    Identify each such document by listing its author, the author's address, type of document (e.g., letter, memorandum, telegram, chart, or photograph), date, subject matter, present location and custodian, and state whether the document (or copies) are still in existence.

## DOCUMENTS TO BE PRODUCED

1.      Defendant is requested to produce a copy of any and all statements (as defined in the Rules of Civil Procedure) concerning this action or the subject matter of this action previously made by the Plaintiff.

2.      Defendant is requested to produce a copy of any and all policies of liability insurance providing liability coverage to the Defendant for claims arising out of the incident described in the Complaint or copies of any and all policies of insurance which allegedly provide liability insurance coverage to the Defendant for the incident described in the Complaint.

-4-

3.    Defendant is requested to produce a copy of any and all policies of insurance of any kind or nature which would provide benefits to the Plaintiff by reason of incidents described in the Complaint.

4.    Defendant is requested to produce copies of any and all photographs taken at the scene of the incident described in the Complaint which do or might reveal marks, damage or conditions which no longer exist at the said scene or which probably no longer exist at said scene on the date of the filing of this request.

5.    Defendant is requested to produce any property in the possession of the Defendant on the date of the incident described in the Complaint which was involved in the incident described in the Complaint and which property contains marks or damage as a result of the incident described in the Complaint, or if such property no longer contains such marks or damage in the same condition as it did on the date of the incident described in the Complaint subsequent to said incident, then produce for examination copies of any and all photographs showing such marks or damage.

6.    Defendant is requested to produce any written document, repair estimate or report of examination describing in anyway the nature and extent of the condition of the subject wheel chair as described in the Complaint or any such documents reflecting conditions of the wheel chairs owned and/or controlled by the Defendant immediately prior to the incident described in the Complaint which said conditions have subsequently been repaired or corrected or no longer exist.

-5-

7.    Defendant is requested to produce all surveillance materials of any kind regarding the Plaintiff; including but not limited to video surveillance that recorded the subject incident or indicates the condition of the subject wheel chair immediately before or after the alleged incident.

8.    Defendant is requested to produce all photographs, videotapes, slides and visual reproductions of any kind depicting the scene of the accident which is the subject of this civil action for the date of the alleged incident.

9.    Defendant is requested to produce all photographs, videotapes, slides and visual reproductions of any kind depicting the Plaintiff on the subject airline and/or at any airport on the date of the subject incident.

10.    Defendant is requested to produce the incident report or accident report in connection with the subject incident, as described in the Complaint.

11.    Defendant is requested to produce all studies, reports, analyses, and assessments of any kind regarding the condition of the subject wheelchair.

12.    Defendant is requested to produce all complaints and documentation arising out of claims that someone made a report of falling and/or almost falling from a wheel chair entering or exiting a Jetblue Airline at the Fort Lauderdale-Hollywood airport within three (3) years preceding January 9, 2019.

13.    Defendant is requested to produce any and all correspondence, reports, memoranda, documents and papers of any kind whatsoever placing Defendant on notice of an airline passenger falling and/or almost falling from a wheel chair while entering or

-6-

exiting a Jetblue Airline at the Fort Lauderdale-Hollywood airport within three (3) years preceding January 9, 2019.

14. Defendant is requested to produce the personnel file of the person(s) who prepared the accident or incident report in connection with the incident involving the Plaintiff on January 9, 2019.

15. Defendant is requested to produce the records which reflect the identity and position of any person(s) who maintained, controlled and/or pushed a wheelchair while entering or exiting a Jetblue Airline at the Fort Lauderdale-Hollywood airport on January 9, 2019.

16. Defendant is requested to produce all policies, procedures, employee manuals, internal memoranda, documents, papers and materials of any kind whatsoever which discuss the policies, procedures or practices of airline passenger wheelchairs with respect to maintenance, cleaning and inspection.

17. Defendant is requested to produce all accident and incident reports, other than the accident or incident report involving the Plaintiff, which pertain to someone reporting that they had fallen and/or almost fallen from a wheel chair while entering or exiting a Jetblue Airline at the Fort Lauderdale-Hollywood airport within three (3) years preceding January 9, 2019. In the event that any work product claims are asserted in connection with this request, it is requested that the Defendant provide a log itemizing and describing every such document to which a claim of work product protection is asserted.

–7–

18.     Defendant is requested to produce a copy of any and all diagrams of the subject wheelchair.

19.     Defendant is requested to produce a copy of any and all contracts or agreements between the Defendant and any third party and/or agreements for maintenance and/or repair of the subject wheelchair for the three (3) years prior to January 9, 2019.

20.     Copies of each and every piece of paper and other document which is presently maintained by the Defendant pertaining to any aspect of the incident described in the Complaint filed herein.

21.     Laser color copies (or duplicate photographs) of any and all photographs in Defendant's possession of the subject airplane floor or the Plaintiff on the date of the incident referenced in the complaint.

22.     Copies of any and all wheel chair inspection forms or checklists maintained by any employee or agent of the Defendant on or about January 9, 2019.

23.     Copies of any inspection reports, invoices, estimates and/or permits obtained with respect to the maintenance, repair or servicing wheelchairs for passengers entering or exiting a Jetblue Airline at the Fort Lauderdale-Hollywood airport within three (3) years preceding January 9, 2019.

I HEREBY CERTIFY that a true and correct copy of the foregoing Request for

Production is being served with the Complaint upon the Defendant.

BODDEN & BENNETT LAW GROUP
Attorneys for the Plaintiff
1880 North Congress Avenue, #401
Boynton Beach, FL 33426
Telephone: (561)806-5229
Facsimile: (561)806-5244
Desig. Email: litlaw@boddenbennettlaw.com

By: /s/ Carlos A. Bodden
Carlos A. Bodden, Esq.
Florida Bar No.: 093343
W. David Bennett, Esq.
Florida Bar No.: 087746

-9-